Trover brought to recover the amount of a bond alleged to belong to the plaintiff's intestate, and which had been converted by the defendant. It appeared that the interest in the bond was, in fact, in the intestate, but the bond had never been legally transferred to him.
Under the instructions of the court a verdict was found for the plaintiff, and from the judgment thereon the defendant appealed. (432) *Page 296 
We do not concur with his Honor who decided this case below. There can be no doubt that the defendant, throughout the transaction, has acted most dishonestly, in entire disregard of any principle of moral duty; but siting in a court of law we can enforce none but legal obligations. It is fully admitted that the plaintiff has no legal right to the bond appropriated by the defendant. The defendant purchased a Bible at the sale of his personal property, and after some time the note was found in it. Who put it in there or where or when is not stated, if known, but it is claimed against the plaintiff, as the administrator of Jones, simply upon the ground that it was so found. It is true, when shown to the witness Enlow, by the defendant, the latter was informed that it belonged to the intestate, but without adverting more particularly to the position which this witness by his own statement occupies in relation to the dishonest transaction, it is sufficient to say that the note is not endorsed by the person to whom it was made payable, and in whom the legal title still remains. In the opinion of his Honor there is error in charging the jury that if the facts were as insisted on by the plaintiff, he was entitled to a verdict.
The judgment is reversed and a venire de novo awarded.
My brethren instruct me further to say that the defendant did not tortiously take possession of the note under the circumstances of the case.